FREDERICK DWIGHT vs. CITY OF SPRINGFIELD.

A jury, summoned to assess the damages occasioned by the laying out or altering of a highway, are authorized by the Rev. Sts. c. 24, § 33, to extend the time allowed by the county commissioners for the owner of the land to take off the timber and trees; although the petition and warrant are for a jury to assess damages only.

An extension, by the jury, of the time allowed to the owner of land taken for a highway to take off the timber and trees, to "the first day of October next from the acceptance of this verdict" authorizes him, if exceptions are taken to the acceptance of the verdict by the court of common pleas, and overruled by this court, to take off his timber and trees at any time before the first of October next after such overruling of the exceptions.

ACTION OF TORT for breaking and entering the plaintiff's close, and tearing down and carrying away the fences and trees and a portion of his dwelling-house, standing within the line of State Street in Springfield, before the expiration of the time allowed by a jury for their removal by the plaintiff after the widening of State Street by the county commissioners for the county of Hampden.

The case was submitted to the decision of this court upon the

following facts: In July 1850 the county commissioners ordered that State Street be widened, and established the southerly line of the street so that it passed within the line of the plaintiff's land and through a part of his dwelling-house; and allowed him a certain time to remove the timber, wood and trees standing on the land to be taken. The plaintiff, being dissatisfied with the assessment of damages, applied for a jury, and a writ of mandamus issued from this court at September term 1851, requiring the commissioners to issue their warrant for a jury to assess damages only. A jury were summoned accordingly, and re-assessed the plaintiff's damages, and extended the time for the removal of the buildings, fences and trees "to a period on the first day of October next from the acceptance of this verdict." The petitioner excepted to the rulings of the sheriff at the hearing before the jury, and objected to the acceptance of the verdict. But the court of common pleas at June term 1852 overruled the exceptions, and ordered the verdict to be accepted; and to this decision the petitioner alleged exceptions, which were argued in this court at September term 1853, and on the 1st of October 1853 overruled, and the verdict ordered to be accepted; and this order was certified to the county commissioners at a meeting held in November 1853. The defendants entered upon the land of the plaintiff and committed the acts complained of between the 1st of August and the 1st of October 1853.

The plaintiff claimed that by the verdict of the jury he was allowed until the 1st of October 1854 for the removal of the buildings, fences and trees, and that the acts of the defendants were therefore trespasses.

*R. A. Chapman & J. Wells,* for the plaintiff.

*C. A. Winchester,* for the defendants. 1. The verdict of the jury, so far as it related to the time allowed to the plaintiff for the removal of his property, was void. 1st. For uncertainty; as the Rev. Sts. *c.* 24, §§ 10, 33, require the time to be expressed in the return, and it was entirely uncertain whether the verdict would be accepted or not, and if accepted, when. 2d. For want of authority in the jury to extend the time; the petitioner not

having petitioned to have it extended, and the order of this court having been to summon a jury to assess damages only. *Dwight* v. *County Commissioners*, 7 Cush. 536.

2. But if the jury had authority to extend the time, the time fixed by them expired on the 1st of October 1853; for the acceptance of the verdict was by the court of common pleas at June term 1852, and this court had only to overrule or sustain the exceptions on points of law. Rev. Sts. *c.* 24, § 34; *c.* 82, §§ 12, 13.

METCALF, J. Under the authority conferred by the Rev. Sts. *c.* 24, § 33, the sheriff's jury, by their verdict in this case, extended the time, which the county commissioners had allowed for taking off fences, trees, &c. to the first day of October next from the acceptance of their verdict. That verdict was finally accepted on the 1st day of October 1853. The time for the removal of the fences, trees, &c. was therefore, by the legal effect of the accepted verdict, extended to the 1st of October 1854. It 
llows, that the proceedings of the defendants, in the removals made by them before the extended time had expired, were unwarranted and illegal; and the plaintiff is entitled to such damages as he has thereby sustained.

*Case to be sent to a jury for the assessment of damages.*